UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>S. LEE, et al.,<br><br>Defendants. | No. 2:20-cv-0696 JAM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1 quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construct the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff raises multiple claims. In his first claim, he alleges his rights to due process and equal protection were violated during a February 7, 2019 disciplinary hearing. Lt. D. Saucedo was the hearing officer; however, plaintiff did not name Lt. Saucedo as a defendant. Plaintiff alleges no facts as to any named defendants in connection with such hearing.

In his second claim, plaintiff alleges deliberate indifference to serious medical needs, a threat to safety, and cruel and unusual punishment in violation of the Eighth Amendment, and negligence claims, but not excessive force. (ECF No. 1 at 9, 10.) Following an emergency cell extraction, when defendants Singh and Shoffner had plaintiff at medical, the doctor allegedly advised that plaintiff needed to go to the outside hospital for stitches and further evaluation, but Singh told the doctor that plaintiff would not go to the hospital. Plaintiff objected, and defendant Singh allegedly punched plaintiff in the stomach, despite plaintiff being handcuffed and in leg restraints. Defendant Shoffner then came into the room, allegedly saw Singh assaulting plaintiff, and Shoffner started to attack plaintiff in his face and chest area as well. Medical staff sought the facility captain to stop the attack. Defendants Singh and Shoffner allegedly both interfered with plaintiff's medical care by preventing his transfer to an outside hospital and failing to have him evaluated further for head trauma, in deliberate indifference to plaintiff's serious medical needs, and posing a threat to plaintiff's safety. Finally, defendant Lt. Lee was the acting watch commander at the time of both incidents, and defendant Martel was the warden of CHCF, legally responsible for the operation and welfare of prisoners at CHCF. (ECF No. 1 at 11.)

In his third claim, plaintiff alleges excessive force and threat to his safety in violation of the Eighth Amendment. During an emergency cell extraction on October 31, 2018, plaintiff was allegedly subjected to excessive force by defendants J. Soria, A. Schmidt, T. Purnell, J. Medeiros, J. Heister, M. Gines, and B. Berneiser, even after plaintiff was on the ground and his hands and

3

legs were restrained.  The use of force did not stop until the A Facility supervising sergeant arrived.  Plaintiff was taken to medical; he reiterates his allegations concerning defendant Singh from claim two, but then adds that after Singh punched him, plaintiff kicked Singh in the chest, and then defendants Heister, Soria, and Shoffner started punching plaintiff in his upper body. Once plaintiff was leg cuffed to the bed, medical staff came in to treat plaintiff's injuries. Plaintiff received eight stitches on his face, suffered a "broken right nostril," and "a lot of head trauma."  (ECF No. 1 at 12.)

As relief, plaintiff seeks surgery to repair the collapsed airway in his nose and to remove the long laceration cut that puts pressure on the right side of his nose; dismissal of the prison disciplinary he sustained from the October 31, 2018 incident, and its removal from his central file; and money damages.

Discussion

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.

Plaintiff names M. Martel as a defendant solely based on Martel's role as warden. Plaintiff fails to allege any facts demonstrating that defendant Martel was personally involved in any of the incidents addressed in the complaint.  Plaintiff cannot state a cognizable civil rights claim based solely on the warden's supervisory role.  Therefore, the warden should be dismissed.

Similarly, plaintiff alleges no specific facts demonstrating that defendant Lee violated plaintiff's rights. In claim two, plaintiff includes Lt. Lee as being present during the cell extraction. But he includes no specific facts as to what Lt. Lee did or did not do that allegedly violated plaintiff's rights. Rather, plaintiff alleges only that Lt. Lee was the acting watch commander. Such allegation, standing alone, is insufficient to demonstrate an Eighth Amendment violation. Therefore, Lt. Lee should be dismissed from this action without prejudice.

Misjoinder

The court has reviewed the complaint pursuant to § 1915A and finds that the claims asserted in the complaint are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Where parties have been misjoined, the court may drop a party or sever the claims against that party. Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)). Here, plaintiff did not name Lt. Saucedo as a defendant, and the due process claim is not related to any of the Eighth Amendment claims arising from the cell extraction. Therefore, plaintiff must pursue his due process claim in an action separate from the action raising Eighth Amendment claims resulting from the cell

5

extraction.  Because plaintiff's due process claim is based on a relatively recent incident, plaintiff will not be prejudiced by requiring him to pursue such claim in a separate action.  Plaintiff may pursue such claim in a separate, timely-filed action.  See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits").

### Potentially Cognizable Eighth Amendment Claims

Plaintiff's third claim states potentially cognizable Eighth Amendment claims against defendants J. Soria, A. Schmidt, T. Purnell, J. Medeiros, J. Heister, M. Gines, and B. Berneiser, based on their conduct during the October 31, 2018 cell extraction, and plaintiff's second and third claims state potentially cognizable Eighth Amendment claims against defendants R. Singh, M. Shoffner based on their alleged interference with plaintiff's medical care following the cell extraction, and against defendants R. Singh, M. Shoffner, J. Heister, and J. Soria, based on their alleged use of excessive force in medical following the cell extraction.  Once the district court rules on the instant findings and recommendations, the court will order service of process on such defendants based on the incidents at CHCF on October 31, 2018.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has stated potentially cognizable claims against defendants J. Soria, A. Schmidt, T. Purnell, J. Medeiros, J. Heister, M. Gines, B. Berneiser, R. Singh, and Shoffner.  The court will order service of process by separate order.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendants Martel and Lee be dismissed from this action without prejudice;

2. Plaintiff's due process claim (claim one) be dismissed from this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 23, 2020

/brow0696.scr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE